## W. H. FEARS v. ELLIS COUNTY.

Decided December 17, 1898.

**1. Fees of County Attorney in Criminal Cases.**

Under the provision of Code of Criminal Procedure, article 1143, entitling a county attorney to 10 per cent commissions on all fines, forfeiture, or moneys collected for the State or county, upon judgments recovered by him, he is not entitled to commissions upon the trial fee of $5 taxed in the bill of costs in criminal actions tried in the county courts.

**2. Same—Commissions on Fines Discharged by Work.**

A county attorney is entitled to his statutory commissions upon fines satisfied by the labor of the person convicted where they were so discharged prior to the amendment in 1895 of the present article of the Revised Statutes (3742), which now expressly excludes commissions.

**3. Same—Commissions on Money Paid in Lieu of Work.**

Sums paid by persons sentenced to imprisoment in the county jail to avoid being put to work on the convict farm or public works are not fines, forfeitures, or moneys collected on judgments by the county attorney as contemplated by article 1143 of the Code of Criminal Procedure.

**4. Same—County Liability—Constitutional Law.**

Article 3742, Revised Statutes, making counties liable to officers for one-half only of their costs, not to include commissions, where fines are worked out by county convicts, is constitutional.

APPEAL from Ellis. Tried below before Hon. J. E. DILLARD.

*Fears & Crocker* and *A. L. Love,* for appellant.

*Groce & Skinner,* for appellee.

FINLEY, CHIEF JUSTICE.—This suit was instituted by W. H. Fears, appellant, against Ellis County, appellee, on December 3, 1896, in the District Court of Ellis County, Texas, to recover the amount of $2282.68 claimed to be due appellant from appellee for fees and commissions in criminal cases prosecuted to conviction by appellant as county attorney of said county, in misdemeanor cases, in the county and justice courts of said county after a duly itemized account of same had been duly presented to the county judge and to the commissioners court of said county and payment refused.

An amended original petition was filed by appellant on June 4, 1897. Said petition stated in substance that appellant was county attorney of said county from November 15, 1892, until the —— day of November, 1896; that said county had a county farm, and utilized the labor of such convicts as failed to pay their fines and costs in money. That said county collected in money as trial fees in cases convicted by appellant $4245, on which it refused to pay plaintiff his commissions, amounting to $424.50.

That said county collected in labor on the county farm, etc., $1855 in trial fees in cases convicted by appellant, on which it refused to pay appellant his commissions, amounting to $188.50.

That said county collected fines in work and labor on said county farm, etc., in cases convicted by appellant, amounting to $8140, upon which it refused to pay appellant his commissions, amounting to $814.

That certain convicts convicted by him where punishment in part was by imprisonment in the county jail, to avoid the labor part of same, paid $1 per day, amounting to $215, on which said county refused to pay appellant his commissions, amounting to $21.50.

That said county collected in work and labor the fines and costs in 130 cases in county court and 67 cases in the justice courts of said county, convicted since the 31st day of July, 1895, by appellant, and refused to pay appellant more than half his legal fees, leaving a balance on said cases due appellant of $834.18.

Defendant and appellee answered by general exception, special exception, general denial, and other pleas. The case came on for hearing on the 16th day of December, 1897, on defendant's general exception, which was sustained by the court and appellant's suit dismissed, and costs adjudged against him. From the judgment of dismissal this appeal is prosecuted.

*Opinion.*—The first assignment presents the question whether county attorneys are entitled to commissions upon the trial fees taxed in the bill of costs in criminal actions tried in the county court. Article 1134, Revised Statutes, Code of Criminal Procedure, provides: "In each case of conviction in a criminal action tried in the county court, whether tried by a jury or by the judge, there shall be taxed in the bill of costs against the defendant, or against all the defendants where several are tried jointly, a trial fee of five dollars, the same to be collected and paid into the county treasury in the same manner as provided in the case of a jury fee."

The statute giving county attorneys commissions reads (Revised Statutes, Code of Criminal Procedure), article 1143: "The district or county attorney shall be entitled to ten per cent on all fines, forfeitures, or moneys collected for the State or county, upon judgments recovered by him, and the clerk of the court in which judgments are rendered shall be entitled to five per cent of the amount of said judgments, to be paid out of the amount when collected."

The trial fee is a sum arbitrarily fixed by the Legislature as costs which should go to the county in every criminal action tried in the county court. The counties are at large expense in maintaining and operating the judicial machinery, and this item is doubtless intended to reimburse in some degree for this outlay. While it is not cost in the sense of being fees to be paid officers for services rendered in the particular proceeding, or witnesses for attendance upon the trial, it is designated as costs by the Legislature and is directed to be paid into the county treasury. It is clearly not a fine or forfeiture as contemplated in article 1143, and unless it is embraced in the terms "moneys collected for the State or county upon judgments recovered by him," as used in that article, the county

attorney is not entitled to commissions upon it. The judgment which is entered in such criminal actions is that the State shall recover a certain sum, as such fine, and *all costs,* the amount of which is not set forth in the judgment. The costs follow the judgment and are incident to it, but are not such an element in the judgment as we think the Legislature had in mind in the passage of this statute. The statute having already provided for commissions upon fines and forfeitures expressly, we think this general langauge was used to cover all recoveries of money for the State or county for which a particular proceeding is instituted and prosecuted to judgment of recovery in favor of the State or county.

What has been said applies to the trial fees paid in cash, and also to such as are paid by labor on the convict farm, and settles adversely to appellant the first and second assignments of error.

The third assignment raises this proposition: The plaintiff prosecuted to judgment of conviction in the county and justice courts 444 cases, wherein the fines aggregated the sum of $10,692.50, all of which have been discharged by the defendants; $8140 of this sum was discharged by work and labor on the county convict farm and public roads of the county, and the county refuses to pay him commissions upon the amount discharged by labor upon the convict farm and public roads of the county. Is he entitled to such commissions? The statute heretofore considered expressly gives the county attorney commissions on fines to be paid out of the money when collected. This article is the same as article 1112, Revised Statutes, Code of Criminal Procedure, 1879. Our present statute, article 3742, provides that when the fine and costs are discharged by labor, the county shall be liable to each officer for half his costs, "not to include commissions." This provision was enacted in 1895 as an amendment to article 3600, Revised Statutes, 1879. Clearly no commissions can be recovered under the terms of the present statute. Article 3600, before amendment, made the county liable for the costs of each officer, said nothing as to commissions, and by its terms required the amount to be paid out of the road fund or any other county fund not otherwise appropriated. While commissions are not costs, we think the manifest intention of the Legislature, considering articles 1112, Code of Criminal Procedure, and 3600, Revised Statutes, 1879, together, was to make the county liable to its officers for their compensation as fixed by statute in cases where the fines and costs were satisfied by labor of the convict. The county attorney's commissions upon fines were provided for to compensate him for services rendered the State in securing the imposition of such fines, and we think the county was liable for such commissions when the fines were discharged by labor of the convict prior to the amendment of the statute in the year 1895.

The commissions sued for are alleged to have been earned in the years 1893, 1894, 1895, 1896, and 1897, and the amount of the fines discharged each year is set out.

We are of the opinion that the plaintiff is entitled to recover commis-

Vol. XX. Civil—11

sions upon the fines worked out prior to the taking effect of the Act of 1895, amending article 3600, Revised Statutes of 1879. The petition does not make it quite clear how much of the commissions sued for come within this class.

The fourth assignment urges that plaintiff is entitled to recover commissions upon amounts paid by convicts where punishment was fixed at confinement in the county jail and where they paid money to avoid being put to work on the convict farm or public works.

Our statute authorizes convicts against whom imprisonment has been assessed as the penalty to be put to work upon the county farm or work house. Rev. Stats., arts. 3727, 3728, etc. Article 3743 provides that such convicts, with penalty of imprisonment affixed, may avoid being put to labor by paying $1 for each day of imprisonment assessed, but they remain in jail to satisfy the sentence of imprisonment. The county has to support its prisoners during the confinement, and this provision is evidently intended to meet such expense. The money paid under this statute is not within the provisions of the statute giving county attorneys commissions. It is not a *fine* or *forfeiture*, nor is it money collected for the county or State upon a judgment procured by the county attorney.

The remaining assignment of errors attacks the constitutionality of the Act of 1895 amending article 3600, Revised Statutes of 1879 upon several grounds.

Without discussing the questions here presented, we content ourselves with saying that we have heretofore passed upon the validity of this statute and held it valid, and a re-examination of the question has confirmed us in the correctness of that decision.

The case in which the question arose was decided without written opinion, and therefore is not reported.

There was a good cause of action as to part of the amount sued for, as before indicated, and the cause should not have been dismissed. The judgment is reversed and the cause remanded.

*Reversed and remanded.*