

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable James W. Strawn
County Attorney
Willacy County
Raymondville, Texas

Opinion No. O-2003

Re: Is an officer entitled to
half costs in misdemeanor
cases where the defendant is
convicted in justice courts
or is he only entitled to
such fees when defendant is
convicted in the county court?

(2) Who, if anyone, is entitled
to half costs for the com-
mitment and release of a
prisoner when there is only
one jail in the county and
that jail is in charge of
the sheriff?

Dear Sir:

Your request for an opinion of this department on the above
stated questions has been received.

We want to thank you for the able brief submitted with your inquiry
which has been very helpful in passing upon your questions.

We quote from your brief as follows:

"In this county the question has been raised that the
county is not liable for half costs provided for in article
1055 Code of Criminal Procedure where the defendant is
convicted and commited from a justice court. It has been
contended  that since the article says 'And to pay such
half of costs, the County Clerk shall issue his warrant
on the County Treasurer, in favor of such officer to be
paid out of the Road and Bridge Fund or other funds
not otherwise appropriated.' that it was the intention
of the legislature to only provide fees for convictions
in the County Court. It is argued that if the officer
was entitled to half fees from the justice court, that
the justice would issue the warrant as he has all of the
papers that show the amount of fees due and is acquainted
with all the facts."

Article 1055, Code of Criminal Procedure, as amended by House Bill No. 205, Acts of 1939, 46th Legislature, reads as follows:

"The county shall not be liable to the officer and witness having costs in a misdemeanor case where defendant pays his fine and costs. The county shall be liable for one-half of the fees of the officers of the Court, when the defendant fails to pay his fine and lays his fine out in the county jail or discharges the same by means of working such fine out on the county roads or on any county project. And to pay such half of costs, the County Clerk shall issue his warrant on the County Treasurer in favor of such officer to be paid out of the Road and Bridge Fund or other funds not otherwise appropriated."

Article 1055, supra, does not in any way make any distinction between the county or justice court. It would seem to be exactly contrary to the intention of the Legislature to allow the fees in the county court and not in the justice court. We believe that it was the intention of the Legislature to provide some compensation for officers where they secure convictions against defendants who are unable to pay their fines and costs in misdemeanor cases but staisfy or discharge the same by working such fines out on the county road or on any county project or lay the same out in the county jail. The issuing of the warrants by the county clerk for half costs as provided by Article 1055, supra, is a ministerial duty of the county clerk and said provision in no way restricts the application of said article to cases tried in the county court.

Article 3748 of the Revised Civil Statutes of Texas, 1895, read as follows:

"Whenever a convict has been committed to jail in default of payment of fine and costs adjudged against him, has satisfied such fine and cost in full by labor in the workhouse, on the county farm, on the public roads of the county or upon any public works of the county, said county in which said conviction was had shall be liable to each officer and witness having costs in the case against said convict for only one-half of such costs, and the county judge of said county shall issue his warrant upon the county treasurer in favor of each officer and witness for one-half of all such legal costs as may have been taxed up against said convict, not to include commissions, and the same

shall be paid out of the Road and Bridge Fund of
the county or out of any other county funds not other-
wise appropriated."

The court, in the case of Fears v. Ellis County, 49
S.W. 139, in construing Article 3742, supra, among other
things, held in effect that the county attorney was entitled
to half fees for convictions in both county and justice
courts.

In answer to your first question, you are respectfully
advised that it is the opinion of this department that any
officer who is entitled to half costs under Article 1055, Code
of Criminal Procedure, supra, is entitled to such costs regard-
less of whether the case is tried in the county or justice
court.

Referring to your second question, we quote from Texas
Jurisprudence, Vol. 38, pp. 431, 432 and 433 as follows:

"The ancient officer of sheriff and constable
are recognized by our Constitution and statutes. From
the statutory provisions it appears that process of all
the courts is addressed to the sheriff of the county
and to the constable of the precinct, and that the
power and duty of executing process are imposed equally
on both. Also, sheriffs, constables and marshals are
peace officers, and, as such, are authorized to execute
criminal process and to make arrests without warrant in
proper cases. . . .

"A constable is an administrative officer elected
to serve in a precinct in which a justice court func-
tions, having functions analagous to those of the
sheriff. It is his duty to execute and return accord-
ing to law all process, warrants and precepts to him
directed and delivered by any lawful officer, attend
upon all justice courts held in his precinct and per-
form all such other duties as may be required of him
by law. He is authorized to execute process issuing
out of the county and district courts as well as of
the justice court of his precinct, and this authority
extends to process delivered to him by the plaintiff
in the writ or by his attorney, as well as to process
handed to him for execution by the clerk of the court
or sheriff."

Article 6885, Vernon's Annotated Civil Statutes, reads
as follows:

"Each constable shall execute and return according to law all process, warrants and precepts to him directed and delivered by any lawful officer, attend all justice courts held in his precinct and perform all such other duties as may be required of him by law."

Article 787, 789, 788, 795, 796, 797, 783 and Article 1067, Code of Criminal Procedure reads as follows:

"Art. 787. Pay or jail.
When a judgment has been rendered against a defendant for a pecuniary fine, if he is present, he shall be improsioned in jail until discharged as provided by law. A certified copy of such judgment shall be sufficient to authorize such imprisonment.

"Art. 789. Capias shall recite what.
Where such capias issues, it shall state the rendition and amount of the judgment and the amount unpaid thereon, and command the sheriff to take the defendant and place him in jail until the amount due upon such judgment and the further costs of collecting the same are paid, or until the defendant is otherwise legally discharged.

"Art. 788. If defendant is absent.
When a pecuniary fine has been adjudged against a defendant not present, a capias shall forthwith be issued for his arrest. The sheriff shall execute the same by placing the defendant in jail.

"Art. 795. Authority for imprisonment.
When, by the judgment of the court, a defendant is to be imprisoned in jail, a certified copy of such judgment shall be sufficient authority for the sheriff to place such defendant in jail.

"Art. 796. Capias for imprisonment.
A capias issued for the arrest and commitment of one convicted of a misdemeanor, the penalty of which or any part thereof is imprisonment in jail, shall recite the judgment and command the sheriff to place the defendant in jail, to remain the length of time therein fixed; and this writ shall be sufficient to authorize the sheriff to place such defendant in jail.

"Art. 797. Discharge of defendant.
A defendant who has remained in jail the length of time required by the judgment shall be discharged.

The sheriff shall return the copy of the judgment, or the capias under which the defendant was imprisoned, to the proper court, stating how it was executed.

"Art. 783.   As to fine.
When the defendant is only fined the judgment shall be that the State of Texas recover of the defendant the amount of such fine and all costs of the prosecution, and that the defendant, if present, be committed to jail until such fine and costs are paid; or if the defendant be not present, that a capias forthwith issue, commanding the sheriff to arrest the defendant and commit him to jail until such fine and costs are paid; also, that execution may issue against the property of such defendant for the amount of such fine and costs.

"Art. 1067.   Fees of peace officers.
Constables, marshals or other peace officers who execute process and perform services for justices in criminal actions, shall receive the same fees allowed to sheriffs for the same services.

Article 1065, Code of Criminal Procedure reads in part as follows:

"The following fees shall be allowed the sheriff, or other peace officer performing the same sercices in misdemeanor cases, to be taxed against the defendant on conviction.

" . . .

"5.   For each commitment or release, one dollar."

The statutes prescribing fees for certain officers for definite services performed authorizes those officers who are compensated on a fee basis to receive a definite fee for a certain service performed and when any officer performs any such duty he is entitled to the specific fee provided for such service.

By virtue of the foregoing statutes you are respectfully advised that it is the opinion of this department that a constable has the same legal power and authority to execute a commitment or release, as a sheriff, when the release or commitment is directed or addressed to the sheriff of the county and to the constable of the precinct. Therefore, the officer executing the commitment or release would be entitled to the fee provided by law for executing such commitment or release.

Honorable James W. Strawn, page 6 (O-2003)


Trusting that the foregoing fully answers your inquiries, we remain

Yours very truly,

ATTORNEY GENERAL OF TEXAS


By

Ardell Williams
Assistant

AW:jm